**IN THE UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF ARKANSAS**
**PINE BLUFF DIVISION**

**STEVIE TURNER**                                                                                          **PETITIONER**

**V.**                                        **Case No. 5:07CV00156 JLH/BD**

**LARRY NORRIS,**                                                                                      **RESPONDENT**
**Arkansas Department of Correction**

**RECOMMENDED DISPOSITION**

**I.**      **Procedure for Filing Objections:**

The following recommended disposition has been sent to Chief United States

District Judge J. Leon Holmes.  Any party may file written objections to this

recommendation.  Objections should be specific and should include the factual or legal

basis for the objection.  If the objection is to a factual finding, specifically identify that

finding and the evidence that supports your objection.  An original and one copy of your

objections must be received in the office of the United States District Court Clerk no later

than eleven (11) days from the date you receive the Recommended Disposition.  A copy

will be furnished to the opposing party.   Failure to file timely objections may result in

waiver of the right to appeal questions of fact.

Mail your objections and "Statement of Necessity" to:

> Clerk, United States District Court
> Eastern District of Arkansas
> 600 West Capitol Avenue, Suite A149
> Little Rock, AR 72201-3325

II.    **Procedural History:**

Petitioner Stevie Turner, an inmate at the Arkansas Department of Correction

("ADC"), Jackson County Correctional Facility brings this petition for writ of habeas

corpus (docket entry #2) under 28 U.S.C. § 2254.  In his petition, Petitioner claims

ineffective assistance of counsel and insufficient evidence to support his conviction.  In

his response (#8), Respondent argues that Petitioner's claims are procedurally barred.

Alternatively, Respondent argues Petitioner's claims lack merit.  For the reasons set forth

below, the Court recommends that the District Court dismiss the petition with prejudice.

III.   **Background:**

The charges against Petitioner arose from an incident where Kevin Hare returned

to his truck and saw Petitioner jumping out of the cab.  Petitioner began to walk away

from the truck, but Mr. Hare, joined by Eason Brown, followed him while calling for

police assistance.  Mr. Hare asked Petitioner what he had taken from the truck, but

Petitioner denied having been in the truck.  Then Petitioner told the men to "back off" or

they would get shot.  Petitioner was later apprehended.

Petitioner was found guilty of breaking or entering, first-degree terroristic

threatening, and aggravated robbery.  *Turner v. State*, No. CACR 05-645, 2006 WL

1756852, at *1 (June 28, 2006).  Petitioner was sentenced as a habitual offender to a term

of 120 months in the ADC for each charge, with the sentences to be served concurrently.

Petitioner filed a direct appeal with the Arkansas Court of Appeals claiming there was

insufficient evidence presented at trial to support his conviction.  *Id*.  The Court of

Appeals affirmed Petitioner's conviction.  *Id*. at \*4.

Petitioner then filed a motion for post-conviction relief and an amended motion for

post-conviction relief under Arkansas Rule of Criminal Procedure 37.  In the petition and

amended petition, Petitioner claimed his counsel was ineffective for failing: (1) to argue

insufficient evidence to support the conviction on each of the charges; (2) to object to the

State's improperly amending a charge to conform to the evidence presented at trial; (3) to

object that all counts of the charging information lacked certain elements, including the

names of the victims; and (4) to request an instruction on a lesser-included offense.

In its order denying Petitioner relief, the trial court noted that Petitioner had filed

his petition, amended petition, and motion for leave to file an amended petition on the

same day.  (#2 at p. 39)  The trial court held that Petitioner had filed the three pleadings

simultaneously in order to circumvent the ten-page limit on Rule 37.1 petitions.  The

petition was denied based on this procedural violation.  (#2 at p. 39)   The trial court did

address, however, the substantive issues raised by Petitioner in both the petition and

amended petition.  (#2 at p. 39)   The court denied Petitioner Rule 37 relief without a

hearing concluding: (1) Petitioner's counsel was not constitutionally ineffective; (2) the

State had proven all of the elements of the offenses beyond a reasonable doubt and,

therefore, Petitioner had suffered no prejudice; and (3) the charging document and

discovery provided to Petitioner by the State provided him with adequate notice of the charges and the State's theories.  (#2 at p. 39)

Petitioner appealed the denial of post-conviction relief to the Arkansas Supreme Court.  *Turner v. State*, No. CR 06-1458, 2007 WL 417383, *1 (Feb. 8, 2007).  The Supreme Court considered the appeal on Petitioner's motion for extension of time to file his brief and a petition for writ of *certiorari* to complete the record on appeal.  *Id*.  The Court determined that it did not need to consider Petitioner's motions because it was apparent that the Petitioner could not prevail on his appeal even if he were allowed to go forward.  *Id*. (citing *Pardue v. State*, 338 Ark. 606, 999 S.W.2d 198 (1999)).  Applying the standard set forth in *Strickland v. Washington*, 466 U.S. 668, 104 S.Ct. 2052 (1984), the Court held that Petitioner's counsel was not ineffective.  *Id*. at *3-4.

## IV.   Standard of Review:

"When a claim has been adjudicated on the merits in state court, habeas relief is warranted only if the state court proceeding resulted in: (1) a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court; or (2) a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding."  *Bucklew v. Luebbers*, 436 F.3d 1010, 1015 (8th Cir. 2006) (quoting 28 U.S.C. § 2254(d)(1) and (2)); see also *Rompilla v. Beard,* 545 U.S. 374, 380, 125 S.Ct. 2456, 2462 (2005).

A state court decision is "contrary to" federal law if the state court "arrives at a

conclusion opposite to that reached by the [United States Supreme] Court on a question of

law or if the state court decides a case differently than the [United States Supreme] Court

has on a set of materially indistinguishable facts." *Williams v. Taylor,* 529 U.S. 362, 412-

13, 120 S.Ct. 1495 (2000). A decision is "an unreasonable application" of federal law "if

the state court identifies the correct governing legal principle from the [United States

Supreme] Court's decisions but unreasonably applies that principle to the facts of the

prisoner's case." *Williams,* 529 U.S. at 413.

In assessing a habeas petition claiming insufficient evidence to support a state

court conviction, the scope of federal review is limited. *Sera v. Norris*, 400 F.3d 538, 543

(8th Cir. 2005) (quoting *Whitehead v. Dormire*, 340 F.3d 532, 536 (8th Cir. 2003)). It is

not relevant whether this Court believes that evidence introduced at trial established guilt

beyond a reasonable doubt. *Id*. Instead, the Court must determine "whether, after

viewing the evidence in the light most favorable to the prosecution, *any* rational trier of

fact could have found the essential elements of the crime beyond a reasonable doubt."

*Jackson v. Virginia*, 443 U.S. 307, 319, 99 S.Ct. 2781, 2789 (1979) (emphasis original).

## V.   Procedural Default:

The Respondent contends that Petitioner's claims should be dismissed as

procedurally defaulted because he failed to properly present them to the state courts. See

*Coleman v. Thompson*, 501 U.S. 722 (1991). While it is true that Petitioner failed to

properly present his claims to the trial court on his Rule 37 petition and to the Arkansas

Supreme Court on appeal, both courts went on to decide the issues on the merits.  (#2 at

pp. 39, 41-46)   Accordingly, this Court will address Petitioner's claims on the merits.

See *Lannert v. Jones*, 321 F.3d 747, 751 (8th Cir. 2003) (citing *Sweet v. Delo*, 125 F.3d

1144, 1150 (8th Cir. 1997) ("When a state court decides an issue on the merits despite a

possible procedural default, no independent and adequate state ground bars consideration

of that claim by a habeas court"); *Hadley v. Caspari*, 36 F.3d 51, 51 (8th Cir. 1994)

("Claims presented in a habeas corpus petition will not be procedurally barred so long as

the state appellate court has given at least cursory consideration to them.")).

## VI.    Sufficiency of the Evidence:

The Arkansas Court of Appeal's opinion on Petitioner's insufficient evidence

claim is not contrary to federal law and its determination of the facts is not objectively

unreasonable.  When it reviewed Petitioner's case, the state court viewed the evidence in

a light most favorable to the State and considered only the evidence that supported the

verdict to determine whether the evidence supporting the verdict was substantial.  *Turner

v. State*, 2006 WL 1756852 at *2.  When determining whether the evidence was

substantial, the court evaluated whether it was "of sufficient force that it will compel a

conclusion one way or another and pass beyond suspicion and conjecture."  *Id*. citing

*Mulkey v. State*, 330 Ark. 113, 952 S.W.2d 149 (1997).

The test applied by the state court, which is based on state law, does not contradict

the reasoning or holding of the United States Supreme Court in *Jackson*, *supra*.  See

*Mitchell v. Esparza*, 540 U.S. 12, 14, 124 S.Ct. 7, 10, (2003) (holding the state court need

not cite to, or even be aware of, applicable United States Supreme Court opinions, as long

as "neither the reasoning nor the result of the state-court decision contradicts them").

Further, Petitioner does not contend the United States Supreme Court has addressed a

case with facts that are "materially indistinguishable" from those involved here.

Therefore, the Court's decision regarding the sufficiency of the evidence was not

"contrary to" applicable United States Supreme Court law under § 2254(d)(1).

"A state court decision involves 'an unreasonable determination of the facts in

light of the evidence presented in the state court proceedings' only if it is shown that the

state court's presumptively correct factual findings are rebutted by 'clear and convincing

evidence' and do not enjoy support in the record."  *Sera*, 400 F.3d at 543 (quoting 28

U.S.C. § 2254(e)(1)); *Jones v. Luebbers*, 359 F.3d 1005, 1011 (8th Cir.2004), cert.

denied, 543 U.S. 1027, 125 S.Ct. 670 (2004).  The Petitioner has not produced any clear

and convincing evidence rebutting the Court's factual findings.  To the contrary, the

Court's findings are supported by the record.

After reviewing the trial transcript in a light most favorable to the prosecution, the

Court finds that a rational trier of fact could have found the essential elements of the

crimes beyond a reasonable doubt.  *Jackson*, 443 U.S. at 318-19.  Accordingly, the

Petitioner is not entitled to habeas relief on his sufficiency of the evidence claim.

## VII.    <u>Ineffective Assistance of Counsel:</u>

Petitioner claims his counsel's performance was constitutionally deficient because

she failed:  (1) to object to the State prosecuting him on an uncharged offense; (2) to

argue insufficient evidence on the charge of aggravated robbery; (3) to move to dismiss

the charge of terroristic threatening; (4) to ask for a lesser included offense instruction;

and (5) to move for directed verdict on the charge of breaking and entering.

Petitioner raised similar claims of ineffective assistance of counsel in his Rule 37

post-conviction petition.[1]  The trial court held that Petitioner's assertion that his counsel

was ineffective for failing to argue sufficiency of the evidence was contrary to the events

at trial.  (#2 at p. 39)  Petitioner's trial counsel moved for directed verdict at the close of

the State's case and at the close of his case based on the State's failure to provide

sufficient evidence on each of the elements of the charged offenses.  *Turner v. State,* 2007

WL 417383 at *2.  The trial court also held that "even if she had failed to move for a

directed verdict, all the elements were proven beyond a reasonable doubt.  Therefore, no

---

[1]In his Rule 37 petition, Petitioner argued that his trial counsel was ineffective for
failing to:  (1) argue there was insufficient evidence to support the conviction on each of
the charges; (2) object to the State's improperly amending a charge to conform to the
evidence presented at trial; (3) object that all counts of the charging information lacked
certain elements, including the names of the victims; and (4) request an instruction on a
lesser-included offense.

prejudice would have resulted." (#2 at p. 39) Finally, the trial court found that the charging document and discovery provided the Petitioner and his attorney with "adequate notice of the nature of the charges and the State's theory of culpability." (#2 at p. 39)

On appeal to the Arkansas Supreme Court, Petitioner again claimed ineffective assistance of trial counsel alleging that his counsel failed: (1) to seek a directed verdict based on insufficient evidence; (2) to object to an amendment to the aggravated robbery charge; (3) to object to the felony information; (4) to argue double jeopardy because the State voluntarily dismissed one count of terroristic threatening; and (5) to request an instruction on a lesser-included offense.

The Arkansas Supreme Court set forth the *Strickland* standard and analyzed each of Petitioner's claims. The Court found that many of the Petitioner's claims had no basis in law or in fact. *Turner*, 2007 WL 417383 at *2, *4. Further, the Court held that there was a presumption that the conduct of Petitioner's counsel fell within the range of reasonable professional assistance, and that Petitioner had not shown a reasonable probability that the decision reached would have been different, absent the alleged errors, in order to rebut the presumption. *Id*. at *2-4.

The *Strickland* test applied by the Arkansas Supreme Court is the test set out by the United States Supreme Court. Petitioner does not contend the United States Supreme Court has addressed a case with facts that are "materially indistinguishable" from those involved here. Therefore, the Arkansas Supreme Court's decision denying Petitioner's

claim of ineffective assistance of counsel is not "contrary to" applicable United States

Supreme Court law under § 2254(d)(1).  Further, the Petitioner has not produced any

clear and convincing evidence rebutting the court's factual findings.  The state courts'

findings of fact and conclusions are imminently reasonable.  Accordingly, the Court

recommends that the District Court dismiss Petitioner's ineffective assistance of counsel

claims.

**VIII.  Conclusion:**

The Court recommends the District Court dismiss Petitioner's petition for writ of

habeas corpus (#2) with prejudice.

DATED this 29th day of December, 2008.

_____
UNITED STATES MAGISTRATE JUDGE